## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | | |
|---|---|---|
| **MAXINE DEROUEN** | § | **CIVIL ACTION NO. 07-1193** |
| **Plaintiff,** | § | |
| | § | **JUDGE MELANÇON** |
| **v.** | § | |
| | § | **MAGISTRATE JUDGE METHVIN** |
| **DAUTERIVE HOSPITAL** | § | |
| **OF NEW IBERIA, LOUISIANA,** | § | |
| **Defendant.** | § | |

### *MEMORANDUM RULING AND ORDER*
### *(Rec. 43)*

Before the Court is the Joint Motion to Release Protected Health Information filed by

Plaintiff Maxine Derouen and Defendant Dauterive Hospital of New Iberia, Louisiana

("Dauterive") on February 7, 2008 (Rec. Doc. 43).  For the following, reasons the motion is

**GRANTED**.

Plaintiff has requested documents, including her personnel file and supervisor's file

which contain protected health information of Dauterive's patients.  Dauterive agrees to produce

the documents subject to court order, as to produce the records without such order would violate

the Health Insurance Portability and Accountability Act of 1996 ("HIPPA").  Thus, the parties

request that the Court enter an order allowing Dauterive to produce the protected health

information pursuant to the proposed protective order submitted for review.  The parties indicate

that these records will be marked by Bates label indicating that they are confidential and agree to

keep the records confidential.  Additionally, the parties agree that, should the records be admitted

into evidence, the protected information will either be redacted or the documents will be placed

under seal.

2

"HIPAA delegates to the Secretary of Health and Human Services broad authority to promulgate Standards for Privacy of Individually Indentifiable Health Information ("Standards"), with which health care providers must comply. 42 U.S.C. §§ 1320d-1(d), 1320d-3(a)(b), 1320d-4(b)." U.S. ex rel. Stewart v. Louisiana Clinic, No. 99-1767,  2002 WL 31819130, *3 (E.D. La. Dec. 12, 2002).  "The Standards generally permit a health care provider (called a "covered entity") to disclose nonparty patient records during a lawsuit, subject to an appropriate protective order, without giving notice to the nonparty patients." Id.  Final Standards under HIPAA have been promulgated and the regulatory scheme allows a health care provider to disclose protected health information during judicial proceedings under certain circumstances without the written authorization of the patient or an opportunity to agree or object to the disclosure. Id.  The regulation provides in pertinent part:

> (e) Standard: Disclosures for judicial and administrative proceedings.

> (1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:

> (I) In response to an *order of a court* or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order . . .[1]

The regulation also provides means for a protected entity to disclose the private information in response to subpoena or discovery requests that is not accompanied by court order.  In that instance, a covered party may disclose protected information either after it receives satisfactory assurance from the party seeking the information has complied with notice

---

[1] 45 C.F.R. § 164.512(e).

3

requirements or has made efforts to secure a qualified protective order. In that instance, a

qualified protective order means:

> with respect to protected health information requested under paragraph
> (e)(1)(ii) of this section, an order of a court or of an administrative tribunal
> or a stipulation by the parties to the litigation or administrative proceeding that:
>
> (A) Prohibits the parties from using or disclosing the protected health information
>    for any purpose other than the litigation or proceeding for which such
>    information was requested; and
>
> (B) Requires the return to the covered entity or destruction of the protected
>    health information (including all copies made) at the end of the litigation or
>    proceeding.[2]

In the instant case, the parties have submitted an agreed-upon Protective Order that

stipulates that confidential material shall be used solely and exclusively for the purposes of this

litigation and requires the parties to return to each other or destroy all confidential material

within 30 days after the termination of the lawsuit which complies with the above provision.

Considering the foregoing,

**IT IS ORDERED, ADJUDGED AND DECREED** that the Joint Motion to Release

Protected Health Information is granted and Dauterive may release the protected health

information, including plaintiff's personnel file and supervisor's file, pursuant to the parties'

stipulation captioned as "Protective Order" and attached as Exhibit A to their Joint Motion to

Release Protected Health Information (Rec. Doc. 43).

Signed at Lafayette, Louisiana, on February 25, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[2] 45 C.F.R. § 164.512(e)(v).