UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| MAXINE DEROUEN | CIVIL ACTION NO. 07-1193 |
| VERSUS | JUDGE MELANÇON |
| DAUTERIVE HOSPITAL OF NEW IBERIA, LOUISIANA | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Before the Court are defendant's Motion for Summary Judgment [Rec. Doc. 45], plaintiff's Memorandum in Opposition thereto [Rec. Doc. 47], and defendant's Reply to plaintiff's Opposition [Rec. Doc. 51]. For the reasons that follow, defendant's Motion [Rec. Doc. 45] will be **GRANTED**.

**I.**

Maxine Derouen ("Derouen" or "plaintiff"), a Caucasian registered nurse, was hired by Dauterive Hospital of New Iberia ("Dauterive" or "defendant") as a "charge nurse" on the Acute Care Medical / Surgical unit in December of 2003. During her employment, plaintiff was the subject of several disciplinary actions - some of which were directly related to patient care.[1] Plaintiff alleges that she was also subjected to a hostile work environment and was discriminated against due to her race.[2]

---

[1] Some examples of these actions include incident reports for "signing off" on orders which had not been completed, improper admission procedure for a pediatric patient, failure to ascertain a complete medical history on patients, failure to properly flush a blood line before administering platelets, being rude to patients, ordering incorrect intravenous fluids for a patient, and "double-dosing" a patient.

[2] Plaintiff initially also claimed that she was subjected to retaliation for engaging in a protected activity and discrimination based upon her age and disability. However, in her Opposition to Summary Judgment [Rec. Doc. 47], plaintiff concedes that these claims are

Specifically, plaintiff claims that Cynthia Gedward, an African-American nurse, called plaintiff a "pale skinned old lady" and, along with three other individuals, stood behind plaintiff's car and prevented her from leaving the hospital. On December 30, 2004, plaintiff's employment was terminated. Derouen states that "she thought race had something to do with her termination" despite the fact that the decision to terminate her was made by Stephanie Nunez, Stephanie Monin, and Suzanne Minor, all Caucasian females. *Opposition* [Rec. Doc. 47], pg. 6.[3]

Upon her termination, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of age, race, and disability. On November 15, 2006, the EEOC issued plaintiff a "right to sue" letter, and plaintiff instituted this action on February 14, 2007. Defendant filed this Motion for Summary Judgment arguing that, as a matter of law, plaintiff's claims must be dismissed. Plaintiff opposes this motion.

## II.

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (*en banc*). Initially, the party moving

---

untenable and cannot survive summary judgment. As such, these claims will be dismissed.

[3] It is undisputed that the nurses with whom Derouen had conflicts were not her supervisors and had absolutely no part in the decision to terminate plaintiff's employment.

for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id*. If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[4] *Id*. at 322-23. Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.*, 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159

---

[4] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.* at 322.

(1970); *Little*, 37 F.3d at 1075.  There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson*, 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.*, 958 F.2d 95, 97 (5th Cir. 1992).  There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for.  Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322.  Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

**III.**

This matter is related to the case of *Linda Goodyear v. Dauterive Hospital of New Iberia, Louisiana*, Civil Docket Number 07-249.  While the facts differ slightly between the cases, the applicable law is identical.  As such, the Court will not rehash that which has already been exhaustively outlined in the memorandum ruling contemporaneously issued in the *Goodyear* matter.  It is sufficient to note that, whereas Goodyear's case failed for lack of evidence, this plaintiff presents substantially *less* evidence of discrimination and harassment.  The entirety of Derouen's argument is based on her own subjective view that she was harassed and

4

discriminated against on the basis of her race.⁵ This subjective belief, however, is not supported by the record. For example, plaintiff claims that Nurse Gedward and others stood behind her car and refused to allow her to leave the parking lot. However, plaintiff does not present any evidence to suggest that this alleged incident had anything to do with plaintiff's race. Similarly, plaintiff states that there was "racial tension" in the hospital but fails to explain how this alleged tension affected a term or condition of her employment.⁶

As in the *Goodyear* matter, the only racial animus evident in this case is a single comment by Nurse Gedward wherein she allegedly called plaintiff a "pale skinned old lady." Isolated racial epithets, while distasteful and improper, are not actionable and do not, alone, support a claim of discrimination. *See e.g. Magnum v. Stan Trans, Inc.*, 204 F.3d 1114 (5th Cir. 1999) (*citing Boyd v. State Farm Ins. Co.*, 158 F.3d 326, 329 (5th Cir. 1998)); *Scales v. Slater,* 181 F.3d 703, 712 (5th Cir. 1999); *Anderson v. Douglas & Lomason Co., Inc.*, 26 F.3d 1277, 1295 (5th Cir. 1994). Further, plaintiff's subjective view, without some evidence in support thereof,

---

⁵ In her deposition, plaintiff *admits* that she has no evidence that she was fired due to her race. *See Deposition of Maxine Derouen* [Rec. Doc. 45-4], pgs. 181, 183, and 221. While plaintiff's counsel seeks to minimize these statements by arguing that plaintiff is not an attorney, counsel fails to put forth any evidence to support plaintiff's claims.

⁶ For harassment to affect a term, condition, or privilege of employment, it must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). To determine whether an environment is hostile or abusive, a Court must evaluate the totality of the circumstances, including "the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, and whether it unreasonably interferes with the employee's work performance." *Id.* at 23. Not only must plaintiff must subjectively perceive the harassment as sufficiently severe or pervasive, that subjective perception must also be objectively reasonable. *Id.*

that race "had something to do with her termination" is simply not sufficient to defeat a motion for summary judgment. As plaintiff fails to present sufficient evidence of discrimination or harassment, defendant's summary judgment must be granted.

**IV.**

It is undisputed that there was some tension between Derouen, Nurse Gedward, and other African-American nurses. However, plaintiff fails to adduce any evidence demonstrating that this tension was the result of racial animus or that the tension affected a term or condition of her employment. Similarly, plaintiff seemingly does not even attempt to put forth evidence, other than her own subjective view that race "had something to do with her termination," that she was fired because of her race.[7] Given the dearth of evidence presented in this case, defendant's Motion for Summary Judgment [Rec. Doc. 45] must be **GRANTED** and plaintiff's claims **DISMISSED WITH PREJUDICE**.

---

[7] Not only did plaintiff admit that she has no evidence to support her claims, she also stated that she was not even *subjectively* sure that she was terminated due to her race. *See Deposition of Maxine Derouen* [Rec. Doc. 45-4], pg. 181.